**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Denis Dude ILOFF, Defendant—**
**Appellant.**

No. 03–16919, 03–16922.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 13, 2004.

Daniel G. Bogden, Esq., Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Denis Dude Iloff, Taft, CA, pro se.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

MEMORANDUM **

In these consolidated cases, Denis Dude Iloff appeals pro se the district court's denial of his 28 U.S.C. § 2255 motions. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

This Court granted a certificate of appealability in the consolidated cases on three issues: (1) Whether Iloff's sentences violated the plea agreements; (2) whether Iloff's pleas were knowingly and voluntarily made; and, (3) whether counsel provided ineffective assistance ("IAC") by failing to file a direct appeal.

Because we conclude that Iloff's sentences do not violate the plea agreements and that his pleas were knowingly and voluntarily made, we affirm the district court's denial of § 2255 relief on the first two issues.

With respect to the IAC claim, the only ground for appeal retained under the plea agreements was the right to appeal an upward departure. Even if the district court's 2–point increase in Iloff's offense level for the aggravated degree of firearms possession was technically an upward departure, Iloff suffered no prejudice because the sentence imposed was still well within the parameters contemplated by the parties in the plea agreements. *See Strickland v. Washington,* 466 U.S. 668, 693, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (stating that IAC claims "are subject to a

general requirement that the defendant affirmatively prove prejudice").

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

